# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

**AMANDA RING,**

    **Plaintiff,**

v

**INTEGRITY SOLUTION SERVICES, INC,**

    **Defendant.**

Case No.:

Hon.

_____/

## COMPLAINT

NOW COMES Plaintiff, Amanda Ring, by and through her attorneys, Huron Law Group PLLC, and for her Complaint, states as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action based upon the Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* In particular, Defendant attempted to collect amounts of money from Plaintiff it was not legally entitled to collect.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff Amanda Ring is a natural person and resident of Dalton, Berkshire County, State of Massachusetts, and a "consumer" as defined by the FDCPA.

3. Defendant Integrity Solutions Services, Inc. ("Integrity") is a debt collector under 15 U.S.C. § 1692a(6) incorporated in Missouri with its principal place of business in Clayton, Missouri.

4. This court has jurisdiction over this Complaint pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue in this judicial district is proper because the pertinent events took place here.

1

## STATUTORY STRUCTURE

5. Plaintiff incorporates by reference all other paragraphs of this Complaint.

6. The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuse. 15 U.S.C. § 1692.

7. Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

8. Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

9. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

10. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

## GENERAL ALLEGATIONS

11. Plaintiff incorporates by reference all other paragraphs of this Complaint.

12. On May 13, 2014, Ms. Ring was served with a lawsuit on her TB Bank account placed for collections with Howard Lee Schiff, P.C. (**Summons attached, Exhibit 1**)

13. On May 15, 2014, paralegal, Shantel Word, of Huron Law Group, PLLC spoke with "Robin", an agent of Howard Lee Schiff, regarding settlement on the TD Bank account with their office. The parties agreed to a settlement on account ending n 3190. (**Affidavit of Leigh Craft attached, Exhibit 2**)

14. On May 15, 2014 Ms. Word set up manual check payments on the TD Bank account ending in 3190 to Howard Lee Schiff. ( **Settlement Letter attached, Exhibit 3**)

15. On July 17, 2014, Ms. Ring emailed her legal assistant, Leigh Craft, of Huron Law Group, PLLC a collection letter dated July 10, 2014. The letter was from Integrity Solution Services, Inc in an attempt to collect on the TD bank account ending In 3190.( **Collection Letter attached, Exhibit 4**)

16. Despite the settlement, Defendant sought to collect the full amount on an account that had already been settled. (**See Attached, Exhibit 3**).

## COUNT I—15 U.S.C. § 1692c(a)(2) and 1692b(6)

17. Plaintiff incorporates by reference all other paragraphs of this Complaint.

18. Defendant improperly communicated with Plaintiff after having knowledge that Plaintiff was represented by counsel with respect to the alleged debt.

19. Plaintiff's attorneys responded within a reasonable amount of time to all communications from Defendant.

20. Plaintiff's attorneys did not give Defendant permission to contact Plaintiff directly.

21. Defendant's actions described above constitute a violation of 15 U.S.C. § 1692c(a)(2) and 1692b(6) of the FDCPA.

## COUNT II —15 U.S.C. § 1692e(2)(A)

22. Plaintiff incorporates by reference all other paragraphs of this Complaint.

23. Defendant falsely represented the character, amount and legal status of the alleged debt.

24. Defendant's actions constitute a violation of 15 U.S.C. § 1692e(2)(A) of the FDCPA.

### COUNT III—15 U.S.C. § 1692f(1)

25. Plaintiff incorporates by reference all other paragraphs of this Complaint.

26. Defendant attempted to collect amounts not agreed to and not permitted by law.

27. Defendant's actions constitute a violation of 15 U.S.C. § 1692f(1) of the FDCPA.

WHEREFORE, Plaintiff requests the following relief:

A. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

B. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and;

C. Such other relief as the Court deems just and equitable.

Respectfully submitted:

Dated: September 19, 2014

Timothy J. Teehan (BBO #677469)
Huron Law Group PLLC
Attorneys for Plaintiff
11 East Street, Suite 202
Franklin, Massachusetts 02038
(774) 571-2893-phone
(774) 907-3069-fax
teehanlaw@aol.com